WESTATE OIL COMPANY, INC., Complainant-Appellee,

*v.*

ELLIS E. FEATHERSTONE, County Court Clerk, Defendant-Appellant.

(*Jackson*, April Term, 1961.)

Opinion filed July 26, 1961.

CHARLES G. NEESE, HOWELL, NEESE & TUCK, Nashville, for complainant-appellee.

GEORGE F. McCANLESS, Attorney General, MILTON P. RICE, DAVID M. PACK, Assistant Attorneys General, for defendant-appellant.

MR. JUSTICE SWEPSTON, delivered the opinion of the Court.

The Chancellor held that the complainant, who had paid the tax demanded and brought this suit to recover same, was not liable for the State and County privilege taxes under T.C.A. sec. 67-4203, Item 71(c). The county court has appealed and assigned error.

The facts are stipulated and the material parts of same are as follows: Complainant is engaged in the business of selling in wholesale quantities petroleum products in Gibson, Weakley and Carroll Counties, Tennessee, which business includes the delivery of such products to its customers, retail dealers and consumers of large amounts of gasoline in said counties. It maintains a large oil depot or bulk storage plant and a warehouse and office at the City of Milan in Gibson County and also owns and operates filling stations under leases in said three counties, but maintains no oil depot in either Carroll or Weak-

ley County. It purchases and receives its stock of gasoline and other petroleum products from another oil depot in Shelby County, Tennessee, but not maintained by the complainant.

It disposes of such products in two ways (1) a portion thereof is transported to its plant at Milan, comes to rest there, and subsequently is withdrawn and redelivered to its said customers in said three counties; (2) a portion is transported directly to the complainant's customers in said three counties without ever having come to rest or having been stored in the depot at Milan.

It has complied with and paid all privilege taxes due under said Item 71(a) defining oil depots and under (b) defining wholesale oil wagons or trucks as "any motor driven or animal drawn vehicle maintained by the owner or operator of an oil depot within this state and used for delivering petroleum products or substitutes therefor to dealers therein or consumers thereof in packages or in bulk from said depot shall constitute a wholesale oil wagon".

Subsec. (c) provides as follows:

"Oil Peddler's Wagon. An oil peddler's wagon shall mean and include any motor driven or animal drawn vehicle, the owner or operator of which buys and receives his stock of petroleum products, or substitutes, therefor from an oil depot or other place not maintained by himself, within the state, and from said vehicle sells or delivers said products in packages or in bulk to dealers therein or consumers thereof. Every person having or operating an oil peddler's wagon, within this state, shall pay a special privilege tax on each wagon, as follows, and shall keep attached to said

wagon in such manner as to display it to public view the original or certified copy of receipt showing payment of said privilege tax:'' (It is unnecessary to quote the remainder of the section)

So the question is whether the complainant who has complied with said subsecs. (a) and (b) is liable for the tax under subsec. (c) under the definition of an oil peddler's wagon.

It was further stipulated that subsequent to the opinion of this Court in *Moto-Pep, Inc. v. McGoldrick,* 1957, 202 Tenn 119, 303 S.W.2d 326, which case held that an oil depot was liable for tax based only on the amount of gallonage which passed through its storage tank and was not required to include petroleum products sold by it but shipped from another oil depot in another county direct to the customer without passing through the oil depot in question, the State Attorney General's office and the Revenue Department for the first time after 29 years expressed the opinion and made claim that such petroleum products not passing through the said oil depot of said owner or operator of a truck was liable for the tax under said subsec. (c). The Chancellor took the dictionary definition of the word ''peddler'' as stated in *State v. Sprinkle,* 26 Tenn. 36, as being one ''who travels about the country and sells goods or small commodities by retail.'' We think this was error because this section of the statute itself defines the meaning of oil peddler's wagon and we have to accept that as the proper definition.

The Chancellor was further of the opinion that from the past attitude of the Department of Revenue, the Court was of the opinion that this section was never meant to apply to cases like the instant one but ''was intended in

its application to apply to those persons who sell gasoline as a common commodity from the truck to any person wishing to buy and not to deliver to specified customers or stations, such peddler not having a bulk plant, but merely selling from a gasoline truck."

██ Of course, the construction put upon statutes by the authorities charged with the enforcement of same is entitled to great weight but it is not conclusive and if it is erroneous it should not be adhered to by the Court. However, there is nothing in subsec. (c) that justifies the qualification put upon the construction of said section by the Chancellor. Many peddlers from the lowly small truck farmer on up to the modern house to house truck coffee salesman usually have regular customers and, of course, will sell to anyone else who will buy. Having regular customers is no disqualification for fitting this so-called "by-passing" operation into the terms of this statute.

It seems clear enough to this Court that when the complainant is using its trucks for the delivery of petroleum products from its own oil depot it brings itself within subsec. (b), whereas when it uses its trucks for delivery of petroleum products from an oil depot or other place not maintained by it, it brings itself within the definition of operating an oil peddler's wagon.

Under the construction insisted on by the complainant a dealer might have a very small volume going through a depot and a very much larger volume going from a depot belonging to someone else going direct to his customers thereby having the tail wag the dog. Many trucks operated in this manner could handle a very great volume of petroleum products and yet the owner escape taxation

as provided for under subsec. (c) merely because each truck would be an oil peddler's wagon.

Accordingly we hold that the tax was properly collected, the decree below is reversed and the bill dismissed at costs of appellee.

All concur.